# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEENAN JOHNSON, | : |
| Petitioner, | : Civ. No. 16-416 (RBK) |
| v. | : |
| UNITED STATES OF AMERICA, | : **OPINION** |
| Respondent. | : |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

This matter comes before the Court on Petitioner Keenan Johnson's ("Petitioner") motion to amend his § 2255 motion to vacate, set aside, or correct his sentence. (ECF No. 8). Respondent did not file a response to the motion to amend. For the reasons stated below, the motion for leave to amend his § 2255 motion is denied.

## II. BACKGROUND

On October 3, 2014, Petitioner signed a plea agreement in which he agreed to plead guilty to conspiracy to distribute and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a), 841(b)(l)(B), and 846. (ECF No. 6 at p. 3). On January 29, 2015, this Court found that Petitioner qualified as a career offender within the meaning of § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") and sentenced Petitioner to 130 months of imprisonment and 5 years of supervised release.[1] (*Id.*).

---

[1] Petitioner's classification as a career offender resulted in a total offense level of 31 and a criminal history category of VI. (ECF No. 8-2, at p. 2). After adjustment, Petitioner's total offense level became 28 and his criminal history category V, with a resulting guideline range of 130 to 162 months imprisonment. (*Id.*) Absent the career offender enhancement, Petitioner's guideline range would have been 84 to 105 months based on an offense level of 23 and criminal history category of V. (*Id.*).

On January 25, 2016, Petitioner, through counsel, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1). On March 17, 2016, Respondent filed opposition to the § 2255 motion. (ECF No. 6). Petitioner filed a reply brief on April 27, 2016. (ECF No. 7). On March 21, 2017, Petitioner filed a motion for leave to amend his original § 2255 motion. (ECF No. 8).

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure apply fully to motions to amend habeas corpus petitions. *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999) (citing *Riley v. Taylor*, 62 F.3d 86, 89 (3d Cir. 1995)). Under the Federal Rules of Civil Procedure, leave to amend pleadings shall be "freely give[n]" when "justice so requires." Fed. R. Civ. P. 15(a)(2). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court articulated the liberal policy of allowing amendments underlying Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). As is the case with ordinary civil complaints, in habeas corpus petitions, amendments made after the statute of limitations has run must relate back to the date of the original pleading, and only do so if the original and amended pleadings arise out of the same conduct, transaction, or occurrence. *Mayle v. Felix*, 545 U.S. 544, 655 (2005) (citing Fed. R. Civ. P. 15(c)(2)).

# IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") states that—absent new evidence or a new rule of constitutional law— § 2255 petitions must be filed within one year of the date on which the conviction became final. 28 U.S.C.A. § 2255(f)(1). This one-year statute of limitations bars new § 2255 motions, as well as amendments of existing motions to add new claims or legal theories after the one-year period has expired. *See United States v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000).

Although amendments of existing petitions are ordinarily barred by the one-year statute of limitations, this Court has the authority to "permit an amendment which clarifies or amplifies a claim or theory in a timely filed § 2255 petition after the AEDPA's one-year period of limitations has expired." *Id.* at 438. Amended pleadings "relate back" to the date of the original pleading if they share a common core of operative facts, such that the opposing party has "fair notice of the general fact situation and the legal theory upon which the amending party proceeds." *Glover v. F.D.I.C.,* 698 F.3d 139, 145-46 (3d Cir. 2012) (citation omitted); *see also United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006) (where the facts in petitioner's original claim relating to the admission of evidence "were not such that would put the opposition on notice that cross-examination of witnesses was at issue," the court held that the claims were "not similar enough to satisfy the 'time and type' test, nor [did] they arise out of the same set of operative facts"). Thus, where "the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle*, 545 U.S. at 664; *see also Hodge v. United States*, 554 F.3d 372, 378 (3d Cir. 2009) ("[T]he Court should [ask]—as we ask now—whether both the ineffective assistance claim in [Petitioner's] Supplemental Memorandum and the right-to-appeal

claim in his original 2255 motion 'are tied to a common core of operative facts.'" (quoting *Mayle*, 545 U.S. at 664)).

Here, there is no question that Petitioner filed his motion for leave to amend after the expiration of AEDPA's one-year statute of limitations. Petitioner did not file an appeal, and his conviction became final when his time to appeal expired under the Federal Rules of Appellate Procedure, i.e. 14 days after the entry of judgment in district court. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); Fed. R. App. P. 4(b)(1) ("In a criminal case, a defendant's notice of appeal must be filed ... within 14 days after ... the entry of either the judgment [being] appealed."). Therefore, Petitioner's conviction became final on February 12, 2015, and his one-year limitations period expired on February 12, 2016. Although Petitioner's initial § 2255 motion, filed on January 25, 2016, was timely, his motion for leave to amend filed on March 21, 2017, was not. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) ("[A]n application for federal habeas corpus review ... [does] not toll the limitations period[.]"). Accordingly, the new grounds for relief advanced in Petitioner's motion for leave to amend are only timely if they "relate back" to those put forth in his original § 2255 motion.

In his original § 2255 motion, Petitioner claims that his designation as a career offender violates due process of law. (ECF No. 1, at pp. 3-12). Specifically, Petitioner argues that his prior conviction for terroristic threats does not qualify as a crime of violence under the elements clause of U.S.S.G. § 4B1.2(a)(1) because it can be violated without the use of violent physical force. (*Id.* at pp. 3-8). Additionally, Petitioner argues that his prior offense of terroristic threats does not qualify as a crime of violence under the residual clause of U.S.S.G. § 4B1.2(a)(2) because that clause is unconstitutionally vague. (*Id.* at pp. 8-12).

While his original § 2255 motion was pending, the Supreme Court issued its decision in *Beckles v. United States*, 137 S. Ct. 886, 900 (2017), holding that the advisory Federal Sentencing Guidelines, including U.S.S.G. § 4B1.2(a)(2)'s residual clause, are not subject to vagueness challenges under the Due Process Clause. In his motion for leave to amend the § 2255 motion, Petitioner contends that his claim that he should not have been designated a career offender remains viable, but can no longer be framed as a vagueness challenge. Instead, Petitioner contends that his claim must be framed as an ineffective assistance of counsel claim and requests permission to amend his § 2255 motion to include a claim that prior counsel was ineffective for failing to object to Petitioner's status as a career offender during sentencing. (ECF No. 8-2, at pp. 4-6).

Petitioner's proposed ineffective assistance of counsel claim, however, does not relate back to his original § 2255 motion as it is both factually and legally distinct from Petitioner's initial claims. While Petitioner's ineffective assistance of counsel claim relates to his classification as a career offender, it does not share a common core of operative facts with the claims advanced in Petitioner's original § 2255 motion. Unlike Petitioner's initial claims, the proposed ineffective assistance of counsel claim centers on the reasonableness of counsel's actions at the sentencing hearing. Additionally, the proposed ineffective assistance of counsel claim raises an entirely novel ground for relief. The addition of this new legal theory would require supplemental briefing and would cause prejudice to Respondent. Further, Petitioner has not suggested that he could not have asserted an ineffective assistance of counsel claim in his original § 2255 motion. *See, e.g., Duffus*, 174 F.3d at 338 ("[Petitioner] was aware of the facts to support his claim before his conviction became final. In these circumstances, an amendment to introduce the new theory into the case that his trial attorney had been ineffective for failing to move to suppress the cocaine, is simply not acceptable."); *Mass v. United States*, No. 11-2407, 2014 WL 6611498, at *4 (D.N.J. Nov. 20,

2014) (finding the petitioner's proposed ineffective assistance of counsel claim relating to counsel's failure to challenge the application of the sentencing guidelines did not relate back to the petitioner's original claim involving the constitutionality of applying sentencing guidelines to career offenders generally).

## V. CONCLUSION

For the foregoing reasons, Petitioner's motion to amend his § 2255 motion to include an ineffective assistance of counsel claim is denied. The Court will rule on Petitioner's pending § 2255 motion in due course. An appropriate order follows.

DATED: April 26, 2018                          s/Robert B. Kugler
                                               ROBERT B. KUGLER
                                               United States District Judge